EASTERN DIST.
*March*, 1832.

GAIENNIE
*vs.*
QUESTI ET ALS.

If a suit by which the vendee is disturbed, be dismissed, he cannot resist the vendors claim for payment of the price.
A suit which is terminated, is, as if it had never been instituted.

---

### GAIENNIE *vs.* QUESTI ET ALS.

$\frac{3}{116}\ \frac{433}{816}$

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
SECOND PRESIDING.

The mortgagor cannot complain that *only* part of the premises were seized, though he might object that this part was more than sufficient to satisfy the debt.

A prayer to amend the judgment of the court below, must be made three days before the cause is set down for argument.

The plaintiff enjoined an order of seizure and sale, obtained by the defendant, a mortgagee creditor, on the ground, that he had no right to divide the mortgaged property, and to cause a part only to be seized and sold.    The court *a quo* dissolved the injunction, and the plaintiff appealed.

*Labauve*, for appellant.    *Burk*, for appellee.

*Porter, J.* delivered the opinion of the court.

The petitioner applied for, and obtained an injunction on several grounds.    Those relied on in this court, are :

1. The plaintiff has only seized part of the property mortgaged.

2. The defendant is threatened with eviction.

EASTERN DIST.
*March*, 1832.

GAIENNIE
*vs.*
QUESTI ET ALS.

The mortgagor cannot complain that *only* part of the premises were seized, though he might object that this part was more than sufficient to satisfy the debt.

A prayer to amend the judgment of the court below must be made three days before the cause is set down for argument.

There is no evidence in support of the second ground, and the answer puts the fact at issue. On the first we are of opinion that the mortgagee cannot complain, that *only* part of the premises were seized, though he might object this part was more than sufficient to satisfy the debt.

The defendant in injunction has prayed the judgment below might be amended, so as to give him twenty per centum damages, in pursuance of the *act of* 1831, *page* 102.

The court below did not accord damages on dissolving the injunction. The appeal was filed in November, 1831. The prayer for an alteration in the judgment, on the part of the appellee, appears to be made on the 10th March, 1832, which was after the cause was set for argument, and not three days before, as the law requires. *Code of Practice*, 890.

He prays, however, ten per centum damages for a frivolous appeal; and we think they should be granted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs and ten per centum damages for the frivolous appeal.